

25-986, 25-991, 25-1021
*Doe v. Combs, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of March, two thousand twenty-six.

Present:
> MICHAEL H. PARK,
> WILLIAM J. NARDINI
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

---

JOHN DOE,

> *Plaintiff-Appellant,*

> v.                                                          25-986

SEAN COMBS, DADDY'S HOUSE RECORDINGS, INC., CE OPCO, LLC, DBA COMBS GLOBAL, FKA COMBS ENTERPRISES, LLC, BAD BOY ENTERTAINMENT HOLDINGS, INC., BAD BOY PRODUCTIONS HOLDINGS, INC., BAD BOY BOOKS HOLDINGS, INC., BAD BOY ENTERTAINMENT, LLC, BAD BOY PRODUCTIONS, LLC, ORGANIZATIONAL DOES 1-10,

> *Defendants-Appellees.*\*

---

\* The Clerk of Court is respectfully directed to amend the caption accordingly.

MANDATE ISSUED ON 04/09/2026

JANE DOE,

<em>Plaintiff-Appellant,</em>

v.                                                                  25-991

SEAN COMBS, DADDY'S HOUSE RECORDINGS, INC., CE OPCO, LLC, DBA COMBS GLOBAL, FKA COMBS ENTERPRISES, LLC, BAD BOY ENTERTAINMENT HOLDINGS, INC., BAD BOY PRODUCTIONS HOLDINGS, INC., BAD BOY BOOKS HOLDINGS, INC., BAD BOY ENTERTAINMENT, LLC, BAD BOY PRODUCTIONS LLC, ORGANIZATIONAL DOES 1-10, INDIVIDUAL DOES 1-10,

<em>Defendants-Appellees.</em>

JOHN DOE,

<em>Plaintiff-Appellant,</em>

v.                                                                  25-1021

SEAN COMBS, DADDY'S HOUSE RECORDINGS, INC., CE OPCO, LLC, D/B/A COMBS GLOBAL, F/K/A COMBS ENTERPRISES, LLC, BAD BOY ENTERTAINMENT HOLDINGS, INC., BAD BOY PRODUCTIONS HOLDINGS, INC., BAD BOY BOOKS HOLDINGS, INC., BAD BOY ENTERTAINMENT, LLC, BAD BOY PRODUCTIONS, LLC, ORGANIZATIONAL DOES 1-10,

<em>Defendants-Appellees.</em>[†]

FOR PLAINTIFFS-APPELLANTS:              Antigone Curis, Curis Law, PLLC, New York, NY

---

[†] The Clerk of Court is respectfully directed to amend the caption accordingly.

2

FOR DEFENDANTS-APPELLEES:                Michael Tremonte, Mark Cuccaro, Raphael A. Friedman, Sher Tremonte LLP, New York, NY[‡]

Appeal from the orders of the United States District Court for the Southern District of New York (Rochon, *J.* and Buchwald, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders, entered on March 27, 2025, and April 9, 2025, are **AFFIRMED**.

In these tandem appeals, Plaintiffs-Appellants John Doe, Jane Doe, and John Doe sued Sean Combs and his related business entities under the Victims of Gender-Motivated Violence Protection Act, N.Y.C. Admin Code §§ 10-1101–10-1107. They each allege that Combs sexually assaulted and/or raped them between 1991 and 2007.[1] On appeal, they challenge the district court's orders denying their motions to proceed under a pseudonym. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"[O]ur review of a district court's decision to grant or deny an application to litigate under a pseudonym is for abuse of discretion." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 190 (2d Cir. 2008). "A district court abuses its discretion when (1) its decision rests on an error of law . . . or a clearly erroneous factual finding, or (2) its decision . . . cannot be located within the range of permissible decisions." *Id.* (cleaned up).

---

[‡] Sher Tremonte LLP does not represent the Organizational Does.

[1] Specifically, in No. 25-986, Plaintiff John Doe alleges that Combs sexually assaulted him at a "White Party" at Combs's Hamptons residence in 1998, when Doe was 16 years old. In No. 25-991, Plaintiff Jane Doe alleges that Combs raped her at a City College charity basketball game in 1991, when she was 19 years old. Finally, in No. 25-1021, Plaintiff John Doe alleges that Combs raped him at another of Combs's Hamptons parties in 2007. Unlike the other two plaintiffs, he does not state how old he was at the time of this alleged incident.

Rule 10(a) of the Federal Rules of Civil Procedure provides that "[t]he title of [a] complaint must name all the parties." "This requirement, though seemingly pedestrian, serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff*, 537 F.3d at 188-89. A plaintiff seeking to proceed pseudonymously must rebut the presumption of openness and demonstrate that his "need for anonymity" outweighs the "countervailing interests in full disclosure," including "the public interest in disclosure and any prejudice to the defendant." *Id.* at 189. In balancing those interests, courts in this Circuit consider the ten non-exhaustive factors set out in *Sealed Plaintiff*.[2] *See id.* at 189-90. "[A] district court is not required to list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion." *Id.* at 191 n.4.

With respect to Plaintiffs' interest in anonymity, the district court found that, although Plaintiffs' claims were of a highly sensitive and personal nature (factor one), each Plaintiff failed convincingly to show a risk of harm from proceeding publicly (factors two and three). First, though Plaintiffs generally alluded to a fear of retaliation from Defendants, they did not allege any individualized facts to support that fear; instead, they pointed to non-specific threats allegedly

---

[2] Those factors are: "(1) whether the litigation involves matters that are of a highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of plaintiff." *Sealed Plaintiff*, 537 F.3d at 190 (cleaned up).

made to *other* litigants.[3]    *See, e.g.*, Supp. App'x, No. 25-1021, at 25–26 ("Nearly all of the victims represented by Plaintiff's counsel's firm experienced similar threats of violence against either themselves or their loved ones.").    Second, Plaintiffs' claims that disclosure would cause them mental harm were similarly generic and unsupported by any plaintiff-specific evidence.    In fact, the memoranda of law in support of Plaintiffs' motions contained the exact same paragraph describing the purported risk to their mental health.    Finally, the district court found that any risk of harm was further diminished because Plaintiffs were all adults (factor four) and alternative methods, such as a protective order, could shield their confidential information (factor ten).

On appeal, Plaintiffs argue that the district court should have treated the first factor "as dispositive or nearly dispositive" because sexual assault cases are the paradigmatic example of "when plaintiffs may desire to proceed anonymously."    *E.g.*, Appellant's Br., No. 25-986, at 10. But making the first factor dispositive or near-dispositive would create a presumption in favor of anonymity in every sexual assault case, which is contrary to settled law.    *Cf. United States v. Pilcher*, 950 F.3d 39, 45 (2d Cir. 2020) (rejecting the argument that "the default position should be anonymity whenever [a plaintiff] can argue that he has a reasonable fear of harm that would otherwise cause him not to file a petition" because "pseudonyms are the exception and not the rule" and the moving party bears the burden of "rebutting [the] presumption" of disclosure). Plaintiffs' argument is thus unavailing, and the district court did not err in its assessment of the risk of harm to Plaintiffs.    *See id.* at 45 (affirming denial of a motion to proceed under a pseudonym when the moving party's claims of harm amounted to "unsubstantiated speculation,"

---

[3] Plaintiff Jane Doe did allege that after Combs assaulted her, he threatened her with violence should she report what happened.    But, as the district court noted, that threat was allegedly made more than three decades ago, and Doe did not otherwise identify "any present threat of physical harm."    App'x, No. 25-991, at 47 (cleaned up).

even though his suit otherwise involved highly sensitive and personal matters).

The district court also determined that Defendants would be highly prejudiced should Plaintiffs proceed under a pseudonym because of likely asymmetries in fact-gathering (factor six). As numerous courts have observed, "concealing the name of a party could deprive a litigant and the court of the chance that a yet unknown witness would, upon learning . . . about the case, know to step forward with valuable information about the events or the credibility of witnesses." *Doe v. Del Rio*, 241 F.R.D. 154, 159 (S.D.N.Y. 2006) (citing *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 596 (Brennan, *J.*, concurring) ("Public trials come to the attention of key witnesses unknown to the parties.")). The loss of such witnesses would be particularly prejudicial here given that the incidents complained of allegedly occurred decades ago and would "be difficult to defend even with information about Plaintiff[s'] identit[ies]." App'x, No. 25-986, at 53 (cleaned up). The district court thus reasonably concluded that the sixth *Sealed Plaintiff* factor strongly favored Defendants.

In sum, across all three cases on appeal, the district court considered the *Sealed Plaintiff* factors, balanced the competing interests, and concluded that, in light of Plaintiffs' weak showing of harm and the significant risk of prejudice to Defendants, anonymity was not warranted. We discern no abuse of discretion in any of the district court's orders, so we affirm.

* * *

We have considered all of Plaintiffs' remaining arguments and find them to be without merit. For the foregoing reasons, the orders of the district court are **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

6